**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sonia Cauchi, individually and on behalf of all others similarly situated, | x : : : |
| Plaintiff, | : Case No. : |
| v. | : : |
| Candy Dynamics, Inc., | : **CLASS ACTION COMPLAINT** : |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : : : |
| | x |

Plaintiff, Sonia Cauchi, (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

**NATURE OF THE ACTION**

1. This action seeks to remedy the deceptive and misleading business practices of Candy Dynamics, Inc. (hereinafter "Defendant") with respect to the marketing and sales of Defendant Candy Dynamics, Inc.'s Slime Liquid Sour Rolling Liquid Candies (hereinafter the "Products") throughout the state of New York and throughout the country.

2. Defendant manufactures, sells, and distributes the Products throughout the country; however, the Products are unfit for human consumption because the Products pose a choking hazard for consumers.

3. Plaintiff and those similarly situated ("Class Members") purchased the Products so that their children could enjoy a sweet treat, and believed that the Products were safe for human

consumption and free of choking hazards; however, the Products container contains a rolling ball that runs the risk of detaching from the Product's container and causing a consumer to choke. Defendant acknowledged the presence of the potential hazard associated with its Products by issuing a nationwide recall on October 5, 2023 (the "Recall").[1]

4.      This is especially important because the Products are marketed to children.  In fact, the recall specifically states, "Hazard: The candy's rolling ball can detach from the product's container into a child's mouth, posing a choking hazard for consumers."

5.      Because Defendant sold Plaintiff Products which caused the risk of a choking hazard, Defendant has been and continues to be unjustly enriched.  Accordingly, Plaintiff brings this action against Defendant on behalf of herself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## FACTUAL BACKGROUND

6.      Plaintiff and Class Members purchased Defendant's candy Products with the belief that they are safe to eat; however, the Products present a choking hazard.

7.      The Products are called Slime Licker Sour Rolling Liquid Candy (in various flavors), and the packaging contains a smiley face with its tongue sticking out.

---

[1] https://www.cpsc.gov/Recalls/2024/Candy-Dynamics-Recalls-70-Million-Slime-Licker-Sour-Rolling-Liquid-Candies-Due-to-Choking-Hazard



8.     Defendant acknowledged the presence of the potential hazards associated with its Products by issuing a nationwide recall on October 5, 2023.[2]  This awareness was acquired subsequent to consumer purchases and subsequent ingestion of the Products by some consumers, resulting in at least two reports of the rolling ball detaching from the container.[3]

9.     Swallowing a plastic rolling ball can lead to asphyxiation/choking, which is especially troubling in light of the Product being marketed towards children.

10.     As an immediate, direct, and proximate result of Defendant selling the Products in an unsafe condition, Defendant injured Plaintiff and the Class Members in that they were deprived of the benefit of the bargain because the Products they purchased to enjoy were not fit for human consumption and, as such, worthless.  Plaintiff and Class Members also did not get the benefit of

---

[2] https://www.cpsc.gov/Recalls/2024/Candy-Dynamics-Recalls-70-Million-Slime-Licker-Sour-Rolling-Liquid-Candies-Due-to-Choking-Hazard
[3] *Id.*

the bargain because they were instructed that they would receive a refund for the recalled products only if the products they had still contained liquid candy.

11.     Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the value of the Products due to the choking hazard they presented.   Plaintiff and the Class Members would not have purchased the Products had they known the truth about the Products.  Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the state of New York and Defendant Candy Dynamics, Inc. is a citizen of the state of Indiana; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

13.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, and supplies goods within the state of New York.

14.     Venue is proper because Plaintiff and many Class Members reside in the Eastern District of New York, and throughout the state of New York.  A substantial part of the events or omissions giving rise to the Classes' claims occurred in this district.

## PARTIES

### Plaintiff

15.     Plaintiff is an individual consumer who, at all times material hereto, was a citizen of New York State.  Plaintiff purchased the Products during the Class Period.  Plaintiff purchased

the Products believing that they were fit for human consumption; however, the Products Plaintiff purchased presented a choking hazard.

16.     Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct (i.e. - selling candy that posed a choking hazard).

**Defendant**

17.     Defendant Candy Dynamics, Inc. is a corporation with its principal place of business in Carmel, Indiana.  Defendant manufactures, markets, advertises, and distributes the Products throughout the United States.

## CLASS ALLEGATIONS

18.     Plaintiff brings this matter on behalf of herself and those similarly situated.  As detailed at length in this Complaint, Defendant sold candy that presented a choking hazard. Defendant's customers were uniformly impacted by and exposed to this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

19.     The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (the "Class").

20.     Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the state of New York at any time during the Class Period (the "New York Subclass").

21.     The Class and New York Subclass shall be referred to collectively throughout the Complaint as the Class.

22.     The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

23.    <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's Products.

24.    <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

      a.   Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products; and

      b.   Whether Plaintiff and the Class are entitled to money damages under the same cause of action as the other Class Members?

25.    <u>Typicality</u>: Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products.  Plaintiff is entitled to relief under the same causes of action as the other Class Members.

26.    <u>Adequacy</u>: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent, her consumer fraud claims are common to all members of the Class and she has a strong interest in vindicating her rights, she has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

27.    <u>Predominance</u>: Pursuant to Rule 23(b)(3), the common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's unsafe

Products.

28.     <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.   The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.   The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.   When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.   This class action will assure uniformity of decisions among Class Members;

g.   The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

      h.    Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

      i.    It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's unsafe Products.

29.    Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

**<u>FIRST CAUSE OF ACTION</u>**
**<u>UNJUST ENRICHMENT</u>**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

30.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31.    Plaintiff, on behalf of herself and consumers nationwide, brings a claim for unjust enrichment.

32.    Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling unsafe Products.

33.    Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling its Products at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members and to Defendant's benefit and enrichment.  Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

34.     Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Products, which were not as Defendant represented them to be.

35.     Under New York's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff and Class Members' overpayments.

36.     Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) Awarding monetary damages and treble damages;

(c) Awarding punitive damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: October 9, 2023

THE SULTZER LAW GROUP P.C.

Jason P. Sultzer /s/

By: _____

Jason P. Sultzer, Esq.
Daniel Markowitz, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

Nick Suciu III, Esq.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

*Counsel for Plaintiff and the Class*